AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of California

| United States of America | ) | |
| v. | ) | **FILED** |
| | ) | JAN 0 9 2019 |
| ALEKSANDR MASLOV | ) | Case No. |
| | ) | CLERK, U.S. DISTRICT COURT |
| | ) | EASTERN DISTRICT OF CALIFORNIA |
| | ) | BY _____ DEPUTY CLERK |
| | ) | 2:19 MJ .0006 DB |
| _____ | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____October 5, 2018_____ in the county of _____Sacramento_____ in the

___Eastern___ District of ___California___, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 3146(a)(1) | Failure to Appear |

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Nasson Walker, Special Agent, FBI
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 01-09-19

_____
*Judge's signature*

City and state:   Sacramento, California

Deborah Barnes, U.S. Magistrate Judge
_____
*Printed name and title*

AFFIDAVIT OF NASSON WALKER

I, Nasson Walker, being duly sworn, do hereby depose and state as follows:

I.                           **INTRODUCTION AND AGENT BACKGROUND**

1.       I am a Special Agent with the Federal Bureau of Investigation (FBI) and have

been so employed for fourteen years.   I am currently assigned to the Sacramento Field Office

where I investigate fraud and organized crime.   My training and experience includes a

seventeen-week basic training course at the FBI Academy and supplemental training in

terrorism, healthcare fraud, and the development and operation of confidential sources.   Prior to

my current assignment, I spent four years investigating domestic terrorism at the Sacramento

Field Office and two years investigating healthcare fraud at the Miami Field Office.   I

participated in the investigations of Aleksandr Maslov (hereinafter "Maslov"), which resulted in

criminal charges for his involvement in tax and credit card fraud schemes.   I also recently

conducted an investigation to locate and arrest Maslov's co-defendant, Ruslan Kirilyuk, who

failed to appear for trial and was residing in Mexico.

2.       I am "an investigative or law enforcement officer of the United States" within the

meaning of Title 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered

by law to conduct investigations of, and to make arrests for offenses enumerated in Title 18,

including the offenses described herein.

3.       This affidavit is submitted in support of a criminal complaint against Aleksandr

Maslov for a violation of 18 U.S.C. § 3146(a)(1), Failure to Appear.   As set forth below, there is

probable cause to believe Maslov intentionally failed to appear for his trial confirmation hearing

on October 5, 2018, despite knowing of his obligation to do so under the conditions of his

Page 1 – AFFIDAVIT OF NASSON WALKER

release.

4.      The facts set forth in this affidavit are based on the following: my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; my review of records related to this investigation; communications with others who have knowledge of the events and circumstances described herein; and information gained through my training and experience.   Because this affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint, it does not set forth each and every fact that I or others have learned during the course of this investigation.

## II.      APPLICABLE LAW

5.      Title 18 U.S.C. § 3146(a)(1) provides that "whoever, having been released under this chapter knowingly—(1) fails to appear before a court as required by the conditions of release . . . shall be punished as provided in subsection (b) of this section."   In turn, 18 U.S.C. § 3146(b)(1)(A)(i) provides that if the person was released in connection with a charge of an offense punishable by a term of imprisonment of 15 years or more, then that person is subject to a fine or imprisonment for not more than ten years.

## III.      STATEMENT OF PROBABLE CAUSE

### A.      Failure to Appear

6.      On August 27, 2015, a Federal Grand Jury in the Eastern District of California returned a superseding indictment charging Aleksandr Maslov with twenty four counts of wire fraud (18 U.S.C. § 1343) and two counts of mail fraud (18 U.S.C. § 1341) for his role in a credit card fraud scheme involving thousands of stolen American Express credit card accounts.   See

Page 2 – AFFIDAVIT OF NASSON WALKER

United States v. Melkonyan, et al., Case No. 2:14-cr-00083 GEB.

7.      On September 1, 2015, Maslov appeared for an arraignment and detention hearing before United States Magistrate Judge Kendall J. Newman.   During that hearing, the defendant was ordered to be temporarily released pending a bail review hearing the following day.   On September 2, 2015 Judge Newman ordered Maslov's continued release on a $25,000 unsecured appearance bond with accompanying conditions and advised of the penalties should he fail to appear for required court proceedings.

8.      On January 21, 2016, a Federal Grand Jury in the Eastern District of California returned a superseding indictment on a separate case charging Aleksandr Maslov with two counts of mail fraud (18 U.S.C. § 1341) and one count of conspiracy to defraud the government (18 U.S.C. § 286) for his role in a tax fraud scheme.   See United States v. Lastovskiy, et al., Case No. 2:12-cr-00322-GEB.

9.      On January 28, 2016, Maslov appeared for an arraignment and detention hearing before United States Magistrate Judge Kendall J. Newman. During that hearing, the Court ordered Maslov's continued released on the same previously imposed conditions from the 2015 superseding indictment.   Maslov was again advised of the penalties should he fail to appear for required court proceedings.

10.     Maslov was scheduled to go to trial on the 2015 indictment on February 19, 2019. However, during a trial confirmation hearing held on January 4, 2019, Maslov was severed from this trial due to his fugitive status.   Maslov was scheduled for trial on the 2016 superseding indictment on November 6, 2018.   However, on October 5, 2018, Maslov failed to appear at his trial confirmation hearing for the 2016 superseding indictment.   The District Court issued a

Page 3 – AFFIDAVIT OF NASSON WALKER .

bench warrant for his arrest for violation of 18 U.S.C. § 3146 (Failure to Appear).

11.     On October 3, 2018, FBI agents spoke with Kane Kissam, an officer with the

Citrus Heights Police Department.   Officer Kissam reported that his department opened a

missing persons investigation for Aleksandr Maslov.   Maslov most recently resided in Citrus

Heights at 6385 Denton Way.   Kissam said Heather Delancey, Maslov's co-worker at Jerry's

Paint and Supply, reported that Maslov had not returned to work on October 1, 2018.   Officer

Kissam provided the FBI with a summary of his investigation to date and the names and

telephone numbers of people his department had contacted in an effort to locate Maslov.

12.     Since that time, the FBI has taken investigative steps to locate Maslov.   Of

particular relevance here, on Monday, October 1, 2018, Maslov was scheduled to meet with his

attorney about his November 6, 2018 trial.   On the same date, Maslov's phone was found

abandoned in the parking lot of a Chuck e' Cheese Restaurant.   Its contents had been

substantially erased.   Maslov's car remained parked at his place of his employment from

Monday until Thursday, October 4, 2018, when it was removed by an unknown person.   Family

members and associates of Maslov have told the FBI that they have not seen or spoken with him

since the day of his disappearance.   Shortly before his disappearance, Maslov told some

associates that he expected to be arrested or go to jail.   He told one associate that he entertained

the idea of running away.

## B.     Criminal Violation by Aleksandr Maslov

13.     *Count 1 – Failure to Appear*:   In violation of 18 U.S.C. § 3146(a)(1), on or about

October 5, 2018, Aleksandr Maslov did not appear for his trial confirmation hearing as

scheduled, despite signing an acknowledgement that the terms of his release required that he

Page 4 – AFFIDAVIT OF NASSON WALKER

make all court appearances.

## Conclusion

14.     Based on the foregoing, there is probable cause to believe that Aleksandr Maslov

violated 18 U.S.C. 3146(a)(1).    Therefore, I respectfully request that an arrest warrant be issued

authorizing his arrest.

Nasson Walker
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this _9th_ day of January, 2019.

Deborah Barnes
United States Magistrate Judge

Approved as to form.

Heiko P. Coppola
Assistant United States Attorney

Page 5 – AFFIDAVIT OF NASSON WALKER